UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEON SMITH,

                Plaintiff,

v.                                                                                   9:09-CV-0554
                                                                                (GTS/GHL)

MICHAEL HOGAN; DONALD SAWYER;
TERRI MAXYMILLIAN; JEFF NOWICKI;
CHARMAINE BILL; LINDA KOVICH;
ANTHONY GORZALAZ; and JAMES MORGAN,

                Defendants.
_____

APPEARANCES:

LEON SMITH, #248893
  Plaintiff, *Pro Se*
Central New York Psychiatric Center
P.O. Box 300
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN                      DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Leon Smith ("Plaintiff") against the eight above-captioned individuals ("Defendants"), are the following: (1) Defendants' motion for summary judgment (Dkt. No. 44); and (2) United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that Defendants' motion be granted and Plaintiff's Complaint be dismissed (Dkt. No. 51). For the reasons set forth below,

Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted; and Plaintiff's Complaint is dismissed.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Claims**

Plaintiff filed his Complaint in this action on March 16, 2010. (Dkt. No. 1.) Construed with the utmost of liberality, Plaintiff's Complaint alleges that, while he was incarcerated at Central New York Psychiatric Center ("CNYPC") in Marcy, New York, Defendants violated his constitutional rights by strip searching him, supervising his use of the bathroom, denying him a snack, placing him in isolation for two days, failing to provide him with medication, confiscating items during a cell search, changing his custody status, and causing him to miss a motion filing deadline in state court. (*See generally* Dkt. No. 1 [Pltf's Compl.].) For a more detailed recitation of the factual allegations of Plaintiff's Complaint, or the claims arising from those allegations, reference is made to the Complaint in its entirety, and to Magistrate Judge Lowe's Report-Recommendation.

   B.   **Defendants' Motion**

On October 6, 2010, Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's Complaint. (Dkt. No. 44.) In support of their motion, Defendants argue as follows: (1) Plaintiff's claim for lost property does not state a cause of action; (2) Plaintiff's claims against Defendants Hogan and Sawyer should be dismissed for lack of personal involvement; (3) Plaintiff's denial-of-access-to-the-courts claim should be dismissed because he has failed to adduce admissible record evidence establishing (a) that he suffered an actual injury, and/or (b) deliberate or malicious interference with any right; and (4) Plaintiff's retaliation claim should be

dismissed because (a) the allegations giving rise to this claim are wholly conclusory, and (b) the alleged conduct giving rise to this claim was carried out by two individuals who are not defendants in this action. (*Id.*)

Plaintiff did not submit a response to Defendants' motion.

### C.     Magistrate Judge Lowe's Report-Recommendation

On July 11, 2011, Magistrate Judge Lowe issued a Report-Recommendation recommending that Defendants' motion be granted in its entirety. (Dkt. No. 51.)

More specifically, Magistrate Judge Lowe recommended as follows: (1) that Plaintiff's illegal-strip- search claim against Defendants Maxymillian and Nowicki based on their requesting residents to submit to a search be *sua sponte* dismissed because the mere act of requesting Plaintiff to submit to a strip search does not constitute a violation of his Fourth Amendment rights; (2) that Plaintiff's illegal-strip-search claim against Defendants Maxymillian and Bill based on their alleged violation of Office of Mental Health official policy be *sua sponte* dismissed because a violation of state law, in and of itself, does not give rise to liability under 42 U.S.C. § 1983; (3) that Plaintiff's illegal-strip-search claim based on the manner in which the search was conducted be dismissed because he has failed to adduce admissible record evidence establishing that any of the named Defendants conducted the search or ordered it to be conducted in the manner of which Plaintiff complains; (4) that Plaintiff's claims based on an incident in the dining hall involving certain non-defendants be *sua sponte* dismissed for failure to allege facts plausibly suggesting the personal involvement of any named Defendant; (5) that Plaintiff's conditions-of-confinement claims based on supervised bathroom use, denial of snacks, and placement in isolation, be dismissed because these claims do not rise to the level of a

constitutional violation; (6) that Plaintiff's medical indifference claim be *sua sponte* dismissed based on his failure to allege facts plausibly suggesting (let alone adduce admissible record evidence establishing) that he suffers from a serious medical condition that requires medication; (7) that Plaintiff's unlawful-seizure-of-property claim be dismissed because the intentional deprivation of property by a state employee does not constitute a Fourteenth Amendment violation for loss of property; (8) that Plaintiff's illegal search claim against Defendants Maxymillian and Kovich based on their search of his room be *sua sponte* dismissed because involuntarily committed individuals do not have a right to privacy in their rooms; (9) that Plaintiff's retaliation claim with respect to his change in status be *sua sponte* dismissed because he has failed to adduce admissible record evidence establishing that any named Defendant was involved in the decision to place Plaintiff on "MOD status";[1] (10) that Plaintiff's due process claim with respect to his change in status be *sua sponte* dismissed because he has failed to allege facts plausibly suggesting that he was deprived of a liberty or property interest without due process of law based on his change in status; and (11) that Plaintiff's denial-of-access-to-the-courts claim be dismissed because he has failed to adduce admissible record evidence establishing that he suffered an actual injury as a result of the denial. (Dkt. No. 51.)

Familiarity with the remaining grounds of Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

---

[1] Plaintiff's Complaint does not elaborate as to the significance of that status, or its effect, if any, on the conditions of his confinement.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826,

---

[2] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3] *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**    **Legal Standard Governing an Unopposed Motion for Summary Judgment and a Motion to Dismiss for Failure to State a Claim**

Magistrate Judge Lowe correctly recited the legal standards governing an unopposed motion for summary judgment under Fed. R. Civ. P. 56, and a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 51.)   As a result, these standards are incorporated by reference in this Decision and Order.  The Court would add only that, because Plaintiff is proceeding in this action *in forma pauperis*, the Court has the authority to *sua sponte* review the sufficiency of the allegations that Plaintiff has set forth in his Complaint pursuant to 28 U.S.C. § 1915A(b).

**III.**    **ANALYSIS**

Because Plaintiff has not filed an Objection to Magistrate Judge Lowe's Report-Recommendation and the time in which to do so has expired, the Court need review the Report-Recommendation for only clear error, pursuant to the standard or review recited above in Part II.A. of this Decision and Order.  After doing so, the Court concludes that Magistrate Judge Lowe's Report-Recommendation is not clearly erroneous.  Magistrate Judge Lowe employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.  The Court would add only that Magistrate Judge Lowe's thorough and correct Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 51) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 44) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: September 14, 2011
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge